UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

**FREDDIE HICKS**                                  **CIVIL ACTION**

**VERSUS**                                         **NO. 09-4617**

**MARLIN GUSMAN, SHERIFF, ET AL**                  **SECTION "F"(5)**


                    **REPORT AND RECOMMENDATION**

Plaintiff, Freddie Hicks, is currently incarcerated in Orleans Parish Prison. Using the standard form for inmate complaints lodged pursuant to 42 U.S.C. §1983, plaintiff has filed this pro se and in forma pauperis civil rights action against Orleans Parish Criminal Sheriff Marlin Gusman and Orleans Parish Prison Sergeant B. Dennis.

Plaintiff complains that as a Louisiana Department of Corrections prisoner, he is entitled to receive an "inmate indigent package" consisting of "socks, boxers, tee-shirts, sheets, [and] deordorent [sic]." However, despite his numerous requests for this package and his filing of grievances regarding same, along with Sergeant Dennis's grievance response that he would "be around" on May 25, 2009, to ascertain Hicks's size, Hicks still has not been

provided with the above-described package to which he is entitled.[1] Instead, plaintiff charges that he has been transferred to an extremely hot, condemned building where "they don't acknowledge grievances".

Plaintiff complains that his constitutional rights have been violated as a result of the above and he seeks monetary damages in the amount of $200,000 and seeks to be placed "in a D.O.C. facility that operates under D.O.C. guidelines".

An <u>in</u> <u>forma</u> <u>pauperis</u> complaint may be dismissed if it is determined that the allegation of poverty is untrue, or if the action or appeal is frivolous, malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. <u>See</u> 28 U.S.C. §1915(e)(2). The court has broad discretion in determining the frivolous nature of the complaint. <u>See</u> <u>Cay v. Estelle</u>, 789 F.2d 318 (5th Cir. 1986), <u>modified on other grounds</u>, <u>Booker v. Koonce</u>, 2 F.3d 114 (5th Cir. 1993). In doing so, the court has ". . . not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." <u>Neitzke v.</u>

---

[1] A copy of Hicks's grievances, along with Dennis's responses thereto, are attached to his complaint.

Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989); see also Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994). Thus, a complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994) (citation omitted); Booker, 2 F.3d at 116. Under the broadest reading of his complaint,[2] plaintiff's allegations against defendant, Sheriff Marlin Gusman, lack any arguable basis in law and should be dismissed as frivolous and for otherwise failing to state a claim for which relief can be granted.

It is well-established that a supervisory official cannot be held liable pursuant to §1983 under any theory of respondeat superior simply because an employee or subordinate allegedly violated plaintiff's constitutional rights. See Alton v. Texas A&M University, 168 F.3d 196, 200 (5th Cir. 1999); see also Baskin v. Parker, 602 F.2d 1205, 1208 (5th Cir. 1979). A state actor may be liable under §1983 only if he "was personally involved in the acts allegedly causing the deprivation of constitutional rights or that a causal connection exists between an act of the official and the alleged constitutional violation." Douthit v. Jones, 641 F. 2d 345, 346 (5th Cir. 1981); see also Watson v. Interstate Fire &

---

[2]The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

3

Casualty Co., 611 F. 2d 120 (5th Cir. 1980). In this case, plaintiff makes no allegation that Sheriff Gusman was personally involved in or had any knowledge of his requests for and failure to receive the above-described "inmate indigent package" or his transfer to a condemned, hot building where his continued complaints are not acknowledged. Accordingly;

**RECOMMENDATION**

It is hereby **RECOMMENDED** that plaintiff's claims against defendant, Sheriff Marlin Gusman, be **DISMISSED WITH PREJUDICE** as frivolous.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this __15th__ day of __September__, 2009.

_____
ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE