UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FREDDIE HICKS                                        CIVIL ACTION

VERSUS                                               NO. 09-4617

MARLIN GUSMAN, ET AL                                 SECTION "F"(5)

REPORT AND RECOMMENDATION

Plaintiff, Freddie Hicks, is a prisoner currently incarcerated within the Orleans Parish Prison system. In this pro se and in forma pauperis action filed pursuant to 42 U.S.C. §1983, plaintiff complains that as a Louisiana Department of Corrections prisoner, he is entitled to receive an "inmate indigent package" consisting of "socks, boxers, tee-shirts, sheets, [and] deordorent [sic]." However, despite his numerous requests for this package and his filing of grievances regarding same, along with Sergeant Dennis's grievance response that he would "be around" on May 25, 2009, to ascertain Hicks's size, Hicks still has not been provided with the above-described package to which he is entitled.[1] Instead, plaintiff charges that he has been transferred to an extremely hot,

---

[1] A copy of Hicks's grievances, along with Dennis's responses thereto, are attached to his complaint.

condemned building where "they don't acknowledge grievances".

Plaintiff complains that his constitutional rights have been violated as a result of the above and he seeks monetary damages in the amount of $200,000 and seeks to be placed "in a D.O.C. facility that operates under D.O.C. guidelines".

This matter is before the court pursuant to a motion to dismiss filed on behalf of the Orleans Parish Criminal Sheriff's Office. For the following reasons, it is **HEREBY RECOMMENDED** that the instant motion to dismiss be **GRANTED**.

In evaluating a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must construe a plaintiff's complaint liberally and must accept all facts pleaded in the complaint as true. Shipp v. McMahon, 199 F.3d 256, 260 (5th Cir. 2000), citing Campbell v. Wells Fargo Bank, 781 F.2d 440, 442 (5th Cir.), cert. denied, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986). A complaint may not be dismissed under Rule 12(b)(6) ". . . 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Id., quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02, 2 L.Ed.2d 80 (1957).

Section 1983 imposes liability on any "person" who violates another's constitutional rights while acting under color of state law. 42 U.S.C. § 1983; see Will v. Michigan Dept. Of State Police,

491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Rule 17(b) of the Federal Rules of Civil Procedure provides that "capacity to sue or be sued shall be determined by the law of the state in which the district court is held."

According to Fed.R.Civ.P. 17(b), Louisiana law governs whether the sheriff's office is a suable entity. Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person," which is defined by the Louisiana Civil Code as "an entity to which the law attributes personality, such as a corporation or partnership." La. Civ.Code art. 24.

The State of Louisiana grants no such legal status to any parish sheriff's office. Liberty Mut. Ins. Co. v. Grant Parish Sheriff's Dept., 350 So.2d 236 (La. App. 3d Cir. 1977). Thus, the parish sheriff's offices are not legal entities capable of suing or being sued. Odom v. St. Tammany Parish Sheriff's Office, 2009 WL 1147925, 2 (E.D.La.2009); Smith v. St. Tammany Parish Sheriff's Office, 2008 WL 347801, *2 (E.D.La. 2008); Cozzo v. Tangipahoa Parish Council--President Government, 279 F.3d 273, 283 (5th Cir. 2002). Accordingly;

### RECOMMENDATION

It is hereby **RECOMMENDED** that the motion to dismiss filed on behalf of the Orleans Parish Criminal Sheriff's Office be **GRANTED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. §636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996)(en banc).[2]

New Orleans, Louisiana, this 9th day of December, 2009.

ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE

---

[2]Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to fourteen days.

4